IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.  Case No.: 20-CR-122-WMC

KEVIN SHIBILSKI,

Defendant.

---

## PLEA AGREEMENT

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to waive indictment and plead guilty to Count 1 of the information filed by the United States Attorney's Office. This count charges a violation of Title 26, United States Code, Section 7202, relating to Pure Extraction Inc. and Wisconsin Logistical Solutions, LLC, companies of which he was a principal, which carries maximum penalties of five years in prison and a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United

States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

a. The defendant entered into a purchase agreement dated March 1, 2013 to purchase 5R Processors, Ltd (5R) from Tom and Jo Ann Drake for $1,000,000, payable in increments of $100,000 a year for 10 years from 2015 to 2025, to include efforts to refinance and personal assumption of debt.

b. Effective March 1, 2013, the defendant became the Chief Executive Officer and Chief Financial Officer of 5R. Jim Moss continued as President and COO of 5R.

c. The defendant created entities called Pure Extractions (PE) in June 2014, and Wisconsin Logistics Solutions LLC (WLS) in February 2015.

d. The defendant periodically received some financial updates from the accounting staff showing which vendor bills were due for payment, and the amounts due. These lists included the withheld employment taxes due for PE and WLS.

e. The defendant failed to ensure that the accounting staff (either directly or indirectly through Moss) timely paid bills, which included the weekly employment taxes due to the IRS for PE and WLS.

f. The defendant received his pay via payables checks, and continued to receive his rent checks, during the periods when the accounting staff failed to pay the employment taxes to the IRS.

g. During the quarters 201509 to 201606 PE did not pay over to the IRS withheld employment taxes of $68,732. During the quarters 201503 to 201606, WLS did not pay over to the IRS withheld employment taxes of $128,726.

h. On March 15, 2015, the defendant met with IRS Revenue Officer Tim Smith to discuss unpaid employment taxes. The defendant told Smith that the defendant was the person responsible for paying the employment taxes and he was endeavoring to receive bank financing to settle claims with the IRS. The defendant told Smith the employment taxes were not paid because the company

2

was not making a profit. The defendant told Smith he would be getting a refinancing loan to pay the taxes.

  i. WLS and PE were located in Ladysmith, Wisconsin, which is in the Western District of Wisconsin, and the 941 Employment Tax Returns for these two entities were filed with the IRS from the Western District of Wisconsin.

This information is provided to establish a factual basis, for which he accepts full responsibility, for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

  6. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

  7. **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss all the counts in the superseding indictment at sentencing.

  8. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this pea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before April 7, 2022.

  9. **RESTITUTION:** The defendant agrees to pay restitution for all losses relating to the offense of conviction – specifically the employment taxes for WLS and PE. The parties will agree upon the exact restitution figure before sentencing, or, if the

parties cannot agree upon a specific figure, the Court will determine restitution at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

10. **PAYMENTS BY THE DEFENDANT:** The defendant agrees to pay monies towards the remediation of the CRT glass storage sites for 5R in Wisconsin and Tennessee in the amount of: (1) $100,000 payable to the Wisconsin Department of Natural Resources, c/o Margaret Hooper-FN/2, 101 S. Webster Street 53707; and (2) $100,000 payable to Paint Oak LLC, c/o Rick Hinchey-CEO, P.O. Box 32676, Knoxville, TN 37930. This money shall be paid by the defendant to his attorney's trust account on or before the day of the plea hearing, and shall be disbursed upon the Court's Order at sentencing.

11. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

12. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

13. **SENTENCING RECOMMENDATIONS:** The defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence that will be imposed. The defendant also acknowledges his understanding that the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above.

14. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

4

15. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case. The prior plea agreement dated 1-29-22 is null and void.

16. **PLEA APPROVAL:** All plea agreements must be approved by the United States Attorney or designee. This plea proposal has not yet been approved. Consequently, I have not signed this proposed plea agreement and the final acceptance is conditioned upon supervisory approval.

TIMOTHY M. O'SHEA
United States Attorney

4-7-22
Date

By: *[signature]*
DANIEL J. GRABER
Assistant United States Attorney

4-07-22
Date

*[signature]*
CLARK BREWSTER
CHRIS VAN WAGNER
Attorneys for the Defendant

4/7/22
Date

*[signature]*
KEVIN SHIBILSKI
Defendant

5

## ACKNOWLEDGEMENTS

I, KEVIN SHIBILSKI, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

4/7/22
Date

KEVIN SHIBILSKI
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4-07-22
Date

CLARK BREWSTER
CHRIS VAN WAGNER
Attorneys for Defendant